*Original filed 3/21/06

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD D. PICKENS, | ) | No. C 04-2621 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTIONS FOR |
| | ) | APPOINTMENT OF |
| vs. | ) | COUNSEL WITHOUT |
| | ) | PREJUDICE; DENYING |
| | ) | PLAINTIFF'S MOTIONS FOR |
| PELICAN BAY STATE PRISON, et al., | ) | PRODUCTION OF |
| | ) | DOCUMENTS WITHOUT |
| | ) | PREJUDICE |
| Defendants. | ) | |
| | ) | (Docket Nos. 21, 22, 23, 24) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison personnel. On June 1, 2005, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and concluded that one of Plaintiff's claims was cognizable and dismissed one of Plaintiff's claims with leave to amend. Plaintiff filed an amended complaint on June 17, 2005 and another complaint on December 29, 2005. Plaintiff also filed two motions for appointment of counsel and two motions for production of documents. The Court will DENY Plaintiff's motions (docket nos. 21, 22, 23, and 24) without prejudice.

**DISCUSSION**

A.   Motion for Appointment of Counsel

Plaintiff has filed two motions for appointment of counsel. It is unclear whether Plaintiff's first motion (docket no. 21) was intended to be filed in this Court, because the motion includes the Del Norte County Superior Court caption and the superior court's case number is crossed out and replaced with this Court's case number. Plaintiff should not duplicate and file any motions directed to the superior court's action in this Court.

In his motions, Plaintiff requests appointment of counsel because he is indigent and a layman at law. Plaintiff alleges that he cannot properly prepare this case for trial and conduct discovery and investigations due to his incarceration. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

1   The Court concludes that appointment of counsel is premature and unnecessary at
2   this time. The Court has not reviewed Plaintiff's amended complaint and ordered service
3   on Defendants. Plaintiff has aptly presented his claims so far. Accordingly, Plaintiff's
4   motions for appointment of counsel (docket nos. 21, 24) are DENIED without prejudice.

5   B.   <u>Motion for Production of Documents</u>

6   Plaintiff filed two requests for Defendants to produce documents including any
7   reports regarding the April 26, 2003 incident. Once again, Plaintiff's first request
8   includes the Del Norte County Superior Court caption with the superior court's case
9   number crossed out and this Court's case number listed. Plaintiff should not duplicate
10  and file any motions for the superior court's action in this Court.

11  Plaintiff's motions for production of documents are premature at this stage because
12  the Court has not ordered service of the amended complaint on the Defendants.
13  Accordingly, Plaintiff's motions (docket nos. 22, 23) are DENIED without prejudice.

## CONCLUSION

15  Plaintiff's motions for appointment of counsel (docket nos. 21, 24) are DENIED
16  without prejudice. Plaintiff's motions for production of documents (docket nos. 22, 23)
17  are DENIED without prejudice. The Court will review Plaintiff's amended complaint in
18  a separate written order.

19  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
20  informed of any change of address by filing a separate paper with the clerk headed
21  "Notice of Change of Address." He must comply with the Court's orders in a timely
22  fashion or ask for an extension of time to do so. Failure to comply may result in the
23  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

24  IT IS SO ORDERED.
25  DATED:   3/20/06

JEREMY FOGEL
United States District Judge

1  This is to certify that on _____, a copy of this ruling was mailed to the following:
2
3
4  Todd D. Pickens
   P-16993
   CTF - Soledad
5  P.O. Box 705
   Soledad, CA  93960-0705
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28